THE PRESIDENT, DIRECTORS AND COMPANY OF THE MERCHANTS'
BANK *v.* HENRY MILLS and another.

A judgment entered by default in favor of a foreign corporation, will not be set
aside for the failure to file security for costs before the commencement or
during the pendency of the action.

Where no security has been filed, the defendant waives his right thereto by neg-
lecting to move before judgment.

*It seems,* that where a judgment by default has been opened and the defendant let
in to defend, an order to compel the security would be granted.

A general affidavit of merits with proof of mistake in delivering papers to an at-
torney to defend, is sufficient, ordinarily, to open a judgment entered in this
court by default; but if the plaintiff, by affidavit, shows a clear case, the defend-
ant must go further and reveal the grounds of his defence.

The exercise of his discretion, by a judge, in granting costs of a motion, will not be
reviewed at a general term.

THIS was an appeal from an order, entered at a special
term, denying the defendants' motion to vacate a judgment ob-
tained in this court. The plaintiffs were a foreign corporation.
Neither defendant appeared in the cause. The judgment had
been entered by default, without at any time filing the security
for costs, prescribed in 2 R. S., 3d ed., p. 552, marginal page
457, § 1.

The motion was founded upon the irregularity above referred
to, and the defendants also sought to open their default on the
ground of mistake and on the merits of the action. They
alleged mistake in delivering their papers to an attorney to
defend, and they produced an ordinary affidavit of merits, to
which the plaintiffs opposed an affidavit, stating that the cause
of action was a promissory note delivered by the defendants
for value.

*Redford A. Watkinson,* for the defendants, made and
argued the following points :

I. Previous to the statute (R. S., part 3, ch. 8, tit. 4, art. 1,
§ 1) foreign corporations could sue in this state. (4 Johns. Ch.

R. 372; 6 Cow. 46). Therefore this statute was not intended to enable them to sue, but to direct how they must sue. And the intention of the law maker must govern in its construction. (1 Kent, 510, 7th ed.) The word "may" means "must" in a statute when a third party has a right *de jure* that the power shall be exercised. (5 Cow. 193; 1 Peters, 64.)

And affirmatives in statutes that introduce a new rule imply a negative to all that is not within their purview. (Hob. R. 298; 1 Kent, 517, note, 7th ed.) "And when a statute limits a thing to be done in a particular form, it includes in itself a negative that it shall not be done otherwise." (1 Plow. 206; 1 Kent, 517, note.) "If a statute inflicts a penalty for doing an act, the penalty implies a prohibition, though none is named." (1 Kent, 517.) These are analogous principles, and show that plaintiff is prohibited from suing in any other way than by filing security for costs as a condition precedent.

The question then arises, is it such an irregularity as is cured by judgment as decided by the judge at chambers?

In 19 Wend. 10, the court held that a motion to dismiss a complaint under this statute was well taken; that the proceedings were irregular, but relieved the plaintiff on payment of costs.

If it is good ground to take judgment for defendant by dismissal of complaint, *a priori* it is good ground to set aside a judgment for plaintiff by default of defendant.

The dismissal of a complaint is a judgment. (12 Wend. 295; 8 Pr. R. 33.)

"Irregularity in practice consists in either omitting to do something that is necessary, or doing it unseasonably." (1 Tidd's Pr. 561.) "If any necessary proceeding have been omitted by plaintiff, his next proceeding will be set aside for irregularity." (2 Arch. Pr. 201.) As if "plaintiff signed a judgment on a cognovit without filing common bail for defendant, the court will set aside the judgment." (*Ib.*) So if "plaintiff file common bail for defendant after the time limited for that purpose by statute, the court will set aside the proceeding for irregularity." (*Ib.*) "So if a judicial writ be

tested out of term." (*Ib.*) These precedents show judgments set aside for omissions wholly immaterial in effect, and that an irregularity is not to be measured by the damage done to the opposite party, but by what it might have done, and by the principle of following prescribed forms. These are not such as are cured by judgment. Therefore, reasoning from analogy, neither is the failure to file security for costs under this statute.

It is illogical to say, "that this being an act to secure the defendant in his costs, and the plaintiff having judgment, defendant has no costs to secure, and therefore the necessity of the act is past; because defendant has had no opportunity to make costs—he did not appear; nor does it appear that the act is so made for the protection of defendant, for he was protected as in the case of other non-resident plaintiffs; but on the contrary, this statute positively prescribes that they must first file security, and to omit to do it is a fatal irregularity, it cannot reasonably mean anything else. (19 Wend. 10.)

The defendant's negligence cannot be set off against this, which is an omission to do as the law directs. Plaintiffs give no reason for failing to comply with the law. Defendants do from their neglect. The omission is an irregularity. The negligence is not, for defendant did not appear. Therefore he did nothing, and he that does nothing is not guilty of irregularity. Therefore, one cannot excuse the other.

II. The next point is, was it error to refuse to set the judgment aside on the merits? It is discretionary with the judge to grant the relief here sought (Code, § 174), and by the rule of this court of March, 1851, the general term has the power to review. The decisions as to how far the discretion has been exercised are many and conflicting. In vol. 1, N. Y. Sp. Term reports, 225, the judge set aside on affidavit of merits and a mistake.

Whittaker, in his Practice, 484, says, "Under this section the extensive powers here conferred upon the court have been most largely and liberally exercised in cases where judgment has been entered for want of an answer;" and "whenever any

case · has been reasonably capable of being reduced to any of the four categories in the section—*i. e.* mistake, inadvertence, surprise, or excusable neglect—and the application has been made in good faith, relief has as a general rule been afforded." "For a frivolous defence the courts refuse." (4 How. Pr. R. 5.) Here, however, no frivolousness appears. The affidavit shows the reason of the inadvertence, together with the affidavit of merits. It is asking too much that the defendant should disclose his whole defence, the affidavit of merits being used in this position to cover the ground, and avoid such exposure.

The court should have considered the defendant's reliance on the irregularity to excuse his setting out his whole defence on the merits.

III. The court was wrong in imposing the costs of the motion on defendant. It being likewise in the discretion of the court, and the frequent practice having been to refuse costs when the losing party has so strong a color of right, or when there are no direct precedents. If in a case like this the court will not use the discretion given and contemplated by the statutes, the statute is subverted from a discretionary into an imperative one.

*Augustus F. Smith,* for the plaintiffs, made and argued the following points:

I. It is conceded that the neglect to file security for costs was a mere irregularity; that the security was not necessary to give the court jurisdiction. The court entertained suits in favor of foreign corporations · before the statute. The statute was passed for the defendant's benefit; and no doubt, it was competent for him to waive that benefit. He might so waive it expressly, or he might waive it by neglect, by failure to avail himself thereof. Had the defendant applied in time, no doubt the court would have directed the plaintiffs to file the security. (See 19 Wend. 10.) He would have been in time before judgment by default, for up to that time he had an interest to have the security. After such judgment he had no possible interest, and may with propriety be held to have waived an

advantage, no longer of any value, by neglecting to avail himself of it during the time between the service of the summons and the judgment, a time when it was of value to him.

II. Upon the other point: After an affidavit showing the consideration for the note paid by the plaintiffs, it was perfectly right to disregard a mere affidavit of merits.

The order appealed from should be affirmed with costs.

By the Court. Ingraham, First J.—The plaintiffs being a foreign corporation, brought this action without filing security, as provided by the Revised Statutes. The defendant did not appear and the plaintiffs obtained judgment by default. A motion was made at special term to set aside the judgment for irregularity, because security for costs was not filed before suit, and the motion was denied.

It must be conceded that filing security for costs was not necessary to give jurisdiction to the court. It was certainly an irregularity for which the proceedings would have been set aside if the motion had been made in season; but it was an irregularity which could be cured at any time by filing the security. (*Bank of Michigan* v. *Jessup*, 19 Wend. 10.) In that case security was filed after notice of the motion to set aside the proceedings was given, and the court held it sufficient and denied the motion. If security could be filed after commencing the suit it is apparent that it is not a necessary act to confer jurisdiction, and if the court will permit the irregularity to be cured before judgment, it would be idle to say that the defect should not be cured after judgment. There can be no doubt that the court now could order the plaintiffs to file security *nunc pro tunc*, if any good could result therefrom, but it certainly is of no use to go through the vain ceremony of filing security when it is apparent that there can be no costs to the defendant to be secured.

The defendant must be considered as having waived his right to security by the delay until the judgment was entered, and such security has now become useless.

If the judgment should be opened upon the merits, the

defendant then might apply for an order to file such security.

The excuse offered for the default appears to be a mistake as to delivering the papers to an attorney to defend the action, and this, with the affidavit of merits, would in ordinary cases be sufficient to open the default and allow the defendants an opportunity to defend. But in this case the affidavit on the part of the plaintiffs shows a clear case as to the plaintiffs' claim, and justifies a denial of the motion. In such a case the defendants should be required to disclose their defence before setting aside a judgment regularly obtained. The order appealed from should have allowed such privilege to the defendants on a renewal of the motion.

Whether costs were properly granted on denying the motion, rested in the discretion of the judge presiding at the special term. In such a case we do not entertain an appeal merely to review the allowance of costs. The order appealed from is affirmed without costs and without prejudice to a renewal of the motion on the merits at special term, on disclosing the defence intended to be set up by the defendants, and paying the costs of this motion below at $10.

Ordered accordingly.